IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DAVID JONES,          :
                      : .
        Plaintiff,    :
                      :
v.                    :   CIVIL ACTION NO.
                      :   7:25-CV-161-WLS
WALMART STORES EAST, LP   :
                      :
                      :
        Defendant.    :

## CONSENT PROTECTIVE ORDER

1.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to Fed. R. Civ. P. 26(c) for the purpose of protecting documents and information that Defendant Wal-Mart Stores East, LP (hereinafter "Defendant"), contends is proprietary and confidential, which is produced by Defendant in litigation subject to the instant protective order, including but not limited to, if applicable, any personnel files of employees or former employees relating to and/or evidencing any hiring, training, discipline, and/or separation or termination, if applicable, from Walmart; any "claims run" or "lawsuit run"; any training plans for employees; any applicable policies and guidelines regarding asset protection; any computer based learning modules; any applicable policies for customer incidents at the store; any store video regarding the incident in question; any camera schematic for the store; and any floor plan for the store. Defendant may mark all such Documents as "Confidential" or "Confidential – File Under Seal". Documents marked "Confidential" will be subject to this Order but do not

require filing with the Court under seal in connection with any motions or depositions. Document marked "Confidential-File Under Seal" shall only be filed with the Court in a sealed envelope marked with the Caption of the case and marked "Filed Under Seal Pursuant to Protective Order".

2.

Any party contesting whether or not a document should be marked "confidential", will notify the defendant in writing identifying which document he/she contends should not be marked "confidential". The parties will then have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the description of a document as "confidential" shall submit it under seal to the Court for an in-camera inspection and final decision as to whether or not the document should remain "confidential".

3.

No document, deposition, or tangible thing or other information described in Paragraph 1 may be disclosed to any person, except for the following: counsel of record; persons assisting counsel of record, including outside experts and consultants; directors, officers, and employees of any party; and employees of any party's attorney to whom it is necessary that the material be disclosed for purposes of this litigation.

For purposes of any disclosures to persons assisting counsel of record; outside experts or consultants; directors, officers and employees of any party; and employees of any party's attorneys, the party making such a disclosure must: obtain an agreement in writing from the persons assisting counsel, including outside experts or consultants, or officers of employees of

either party, reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses directly or indirectly all or part of any document described in paragraph 1 above which requires filing under seal, such paper shall be filed under seal and labeled "CONFIDENTIAL-File Under Seal".

5.

All such documents and materials produced by Defendant to counsel for Plaintiff pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings, and shall not be used or provided for use in any other litigation or proceedings.

6.

The documents and materials produced by Defendant to counsel for Plaintiff pursuant to paragraph 1 above shall not be published, orally, by copy, or by any other means, to any person.

7.

Upon conclusion of this action, counsel for Plaintiff shall return to counsel for Defendant the original and all copies made of such documents and materials described in paragraph 1 above.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been

communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.

SO ORDERED this **3rd** day of **May**_____, 2026.

_____
Judge, United States District Court, Middle District of Georgia, Valdosta Division

**CONSENTED TO BY:**

**THE RODD FIRM**

*/s/Christopher K. Rodd*_____
Christopher K. Rodd
Georgia Bar No. 353919
*Attorney for Plaintiff*

512 S. Broad St.
Thomasville, GA 31792
(229) 431-7777
chris@roddfirm.com

**DREW ECKL & FARNHAM, LLP**

*/s/ Franklin T. Coleman, IV*

_____
Franklin T. Coleman, IV
Georgia Bar No, 177580
*Attorney for Defendants*

1604 W. Third Avenue
Albany, GA 31707
(229) 431-3036
colemanf@deflaw.com